**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KENNETH L. INMAN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **NO. 5:14-CV-202-HL-MSH** |
| **VS.** | : | |
| | : | |
| **STATE BAR OF GEORGIA, et. al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff **KENNETH L. INMAN**, a prisoner currently confined at Dodge State Prison in Chester, Georgia, has filed a civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983 and has prepaid the entire $350.00 filing fee. After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.

1

1998).   A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.   See Twombly, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present action arises out of the alleged misconduct of Plaintiff's criminal defense attorneys.   Plaintiff alleges that his attorneys, Defendants Maccione and Christian, improperly, unlawfully, and unethically permitted an unlicensed investigator, Defendant Slouse, to access Plaintiff's case, engage in the unauthorized practice of law, and take Plaintiff's property. Defendant Slouse then allegedly shared information he learned about Plaintiff with the prosecutor in Plaintiff's case, Defendant Woody.   Plaintiff filed a complaint against his attorneys with the State Bar of Georgia prior to his criminal trial in February of 2008; but counsel for the State Bar, Defendants Petrig, Smith, McCormack, and Frederick failed to inform the judge in Plaintiff's criminal case about the unethical conduct of his defense attorneys or about the alleged misconduct

by Defendant Woody in receiving information from Slouse.   The Complaint alleges that Plaintiff was then prosecuted by Defendants Simms and Woody with illegally obtained information. Plaintiff subsequently requested that criminal charges be brought against Slouse, but Defendants Sheriff Deese and Magistrate Judge Lauren Lee did not file any charges.

Plaintiff has now filed the present civil rights action alleging violations of his "Fifth, Sixth, Eighth, Ninth, Eleventh, and Fourteenth Amendment" rights.   See Compl. at 10.

I.      Eighth, Ninth, & Eleventh Amendment Claims

Neither the Eighth, Ninth, nor Eleventh Amendments have any relevance to the present case.   See U.S. Const. amends. VIII, IX and XII.   See also, Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir.1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners."); Ayton v. Owens, No. CV 313–006, 2013 WL 4077995, at *5 n.5 (S.D. Ga. Aug. 12, 2013) ("the Ninth Amendment is not an independent source of constitutional rights and thus cannot provide the basis for a § 1983 claim"); Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) ("The Eleventh Amendment bars suits against a state for alleged deprivations of civil liberties . . ."). Plaintiff's Eighth, Ninth, and Eleventh Amendment claims are thus dismissed.

II.      Claims against Defendants Maccione, Christian and Shouse

Plaintiff's Complaint also attempts to bring claims against individuals who are not subject to liability under § 1983.   To state a claim under § 1983, a prisoner must allege that the act or omission was committed by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, overruled in part on other grounds, 474 U.S. 327 (1986).   Plaintiff's criminal defense

attorneys and their investigator are not considered "state actors."   See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1982) (holding that a public defender does not act under color of state law within the meaning of § 1983).   Any § 1983 claims against Defendants Maccione, Christian and Shouse are therefore also due to be dismissed.

     III.     Fifth, Sixth, and Fourteenth Amendment Claims

It further appears that any § 1983 claims arising out of events occurring at and before Plaintiff's criminal trial in February of 2008 are now time-barred.   In Georgia, § 1983 claims have a two year statute of limitations. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir.1986). See also Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989) (citing Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); O.C.G.A. § 9-3-33 (1982).   This limitations period begins to run when "the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).

In this case, Plaintiff's Complaint is deemed filed on May 27, 2014, which is more than six years after the events giving rise to these claims.   Though Plaintiff makes a vague statement that "newly discovered evidence was obtained [on] March 14," the allegations in Plaintiff's Complaint do not suggest that there is any basis for tolling the statute of limitations in this case: Plaintiff knew that he was injured and who inflicted his injuries within the limitations period.   It thus "appear[s] beyond a doubt from the [C]omplaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

Even if not time-barred, this Court still cannot consider Plaintiff's claims that he was wrongfully convicted in state court because of the alleged misconduct of the prosecutors or

defense attorneys.   These claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).   In <u>Heck</u>, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

<u>Id.</u> at 486-87.   Thus, a state prisoner cannot bring a § 1983 action in federal court which could potentially invalidate his conviction or sentence unless his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. <u>Id.</u>

If proven, Plaintiff's claims that Defendants' alleged misconduct denied him a fair trial and effective assistance of counsel would necessarily imply the invalidity of his criminal conviction. Section 1983 is therefore not an appropriate vehicle for his arguments. <u>See</u> <u>id.</u>   Plaintiff has not alleged that his conviction has yet been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus.   The Complaint in fact shows that Plaintiff is still serving a life sentence for this conviction.   <u>Heck</u> thus bars these claims.   <u>See</u> <u>id.</u>

For this reason, and because it appears that the claims are time-barred, Plaintiff's Fifth, Sixth, and Fourteenth Amendment claims must be dismissed.

IV.   <u>Claims against Sheriff Deese and Judge Lee</u>

Plaintiff's claims against Sheriff Deese and Judge Lee are, of course, not barred by <u>Heck</u>, as these claims are unrelated to his criminal trial.   Plaintiff instead alleges that these defendants violated his constitutional rights by failing to subsequently bring criminal charges against Defendant Shouse.   Even if these allegations are true, however, Plaintiff allegations do not state a

§ 1983 claim.   As a private citizen, Plaintiff has no judicially cognizable interest in the prosecution or non-prosecution of another.   See Otero v. U. S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R.S. v. Richard P., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536. 619 (1973)).   See also   Capogrosso v. Sup.Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ( per curiam ) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988) (holding that there is no constitutional right for a member of the public, a victim, to have another individual criminally prosecuted).   Plaintiff's claims against Defendants Sheriff Deese and Judge Lee are therefore dismissed with prejudice.

## CONCLUSION

The Court has completed its preliminary review of Plaintiff's Complaint and, for all those reasons discussed above, finds that Plaintiff's allegations fail to state a claim upon which relief may be granted.   The Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 2nd day of July, 2014

*s/ Hugh Lawson*_____
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr